UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENILDA REMIGIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAGLE ROCK RESORT CO., et al., <br><br> Defendants. | CIVIL ACTION NO. 3:21-CV-01756 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a motion to amend (the "motion") filed by Plaintiffs Benilda Remigio and Salvador Inigo Remigio (collectively, "Plaintiffs") on March 16, 2022, in which they seek to amend their original complaint. (Doc. 20). The original complaint was filed on October 15, 2021, against Defendants Eagle Rock Resort Co. ("Eagle Rock") and Double Diamond-Delaware, Inc. (collectively, "Defendants"). (Doc. 1). In their proposed amended complaint, Plaintiffs seek to add more detail to the allegations in the original complaint regarding Eagle Rock Resort and the alleged scheme carried out by the Defendants. (Doc. 20, at 2; Doc. 20-1, at 2-26). For the following reasons, the motion shall be granted. (Doc. 20).

### I.   BACKGROUND AND PROCEDURAL HISTORY

On October 15, 2021, Plaintiffs initiated this action by filing a complaint alleging a claim under the Interstate Land Sales Act 15 U.S.C. 1719, state law claims of fraud, and a violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law. (Doc. 1, at 15-21). Plaintiffs' original complaint arises from a sale and subsequent purchase of a

building lot at Eagle Rock Resort. (Doc. 1, at 3-5). Defendants filed their answer to Plaintiffs' complaint with affirmative defenses on November 9, 2021. (Doc. 7).

On March 16, 2022, Plaintiffs filed the instant motion. (Doc. 20). In the motion, Plaintiffs seek to "[m]ore fully describ[e] the Eagle Rock Resort and . . . [m]ore fully describ[e] the scope and method of the scheme [Plaintiffs] alleg[e] was used to fraudulently induce them to purchase a building lot [at] the Eagle Rock Resort on May 29, 2011." (Doc. 20, at 2). Specifically, Plaintiffs contend that the alleged scheme perpetrated by Defendants "involves the use of approximately 24 [lots] owned by Eagle Rock and the sale to approximately 1,300 individuals" and that the purchasers of these lots "could not build on or make improvement to the [lots], but were required to pay maintenance fees to the Eagle Rock Property Owners Association." (Doc. 22, at 3). Further, Plaintiffs state an additional purpose to the alleged scheme averring that "the scheme also was designed to facilitate the sale of . . . lots in subdivisions not yet approved for sale . . . and to generate assets in the form of notes receivable form the purchasers of the [lots] that could be used by [Defendants] to secure bank financing." (Doc. 22, at 3). Plaintiffs contend that Defendants will not be prejudiced if their amendment is granted as they do not seek to add additional parties or causes of actions "but only expan[d] the scope of the claims asserted in the original [c]omplaint." (Doc. 22, at 3). Defendants aver that amendment would be futile as all of Plaintiffs' causes of action are barred under the corresponding statutes of limitations and that the motion should be denied. (Doc. 26, at 7-11). In response, Plaintiffs state that the applicable statutes of limitations have been tolled under the federal discovery, the Pennsylvania discovery rule, and the doctrine of fraudulent concealment. (Doc. 28, at 4-13). Plaintiffs further state "that a significant dispute exists

between [the parties] as to when" the statutes began to run and resolution of the dispute should not be decided through Plaintiffs' motion to amend. (Doc. 28, at 13-14).

The motion has been fully briefed and is ripe for disposition. (Doc. 20; Doc. 22; Doc. 26; Doc. 28).

## II.   DISCUSSION

Plaintiffs, through the motion, attempt to amend their complaint to further develop the causes of action alleged in the original complaint. (Doc. 18, at 10-14; Doc. 20-1, at 3-4, 6, 13-17, 18, 21, 24). Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; or (3) by leave of court. Fed. R. Civ. P. 15. At this stage of litigation, Plaintiffs are not entitled to amendment as a matter of course, thus, absent the opposing party's written consent, the Court's leave is required for them to amend. Fed. R. Civ. P. 15(a). Defendants in this matter have not consented to Plaintiffs' proposed amendment, so the Court's leave is required for amendment. Fed. R. Civ. P. 15(a)(d); (Doc. 21, at 1).

Decisions regarding motions to amend are committed to the Court's broad discretion and will not be disturbed absent an abuse of that discretion. That discretion is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). However, even under this liberal standard, a motion for leave to amend may be denied when justified. Permissible justifications for denial of leave to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct

deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). Moreover, "[i]n assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996)).

Plaintiffs' proposed amended complaint seeks to particularize and add facts, developing the causes of action that have already been alleged against Defendants in the original complaint. (Doc. 20-1, at 3-4, 13-17, 18, 21, 24). Specifically, the Plaintiffs wish to add a section of facts regarding Eagle Rock Resort and provide further clarification on the alleged scheme and how the scheme applies to each count in their complaint. (Doc. 20-1, at 3-4, 13-17, 18, 21, 24). Defendants challenge the motion stating that amendment of Plaintiffs' complaint would be futile as all of the claims are barred by the statute of limitations and Plaintiffs' proposed amendment does not remedy the timeliness of the allegations. (Doc. 26, at 7-11). Plaintiffs contend that the applicable statutes of limitations are tolled by the federal discovery rule, the state discovery rule, and the doctrine of fraudulent concealment, thus rendering their claims and amendment timely. (Doc. 28, at 4-13). Further, Plaintiffs argue that "there is a significant factual dispute as to when [Plaintiffs] knew or should have known of their injury that must be resolved by the fact finder by either summary judgment or at trial, but not through a Motion for Leave to File an Amended Complaint." (Doc. 28, at 13-14).

In considering the posture and circumstances of this case, justice is served by allowing Plaintiffs to expand the scope of their claims. (Doc. 20-1, at 3-4, 6, 13-17, 18, 21, 24). First, the general presumption is that parties should be granted leave to amend their pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Second, at a case

management conference held on January 25, 2022, the Court ordered the parties to file their amended pleadings by March 21, 2022, complete factual discovery by July 30, 2022, and that all dispositive motions be filed by August 1, 2022. (Doc. 17, at 1-2). As such, resulting prejudice due to time constraints is minimal as Plaintiffs have filed their amended pleadings within the time frame outlined by the Court and sufficient time remains to conduct discovery and draft dispositive motions. (Doc. 17, at 1; Doc. 20) Further, Plaintiffs' proposed amendments seek to add facts describing Eagle Rock Resort and the alleged scheme that occurred. (Doc. 20-1, at 3-4, 6, 13-17, 18, 21, 24). Plaintiffs do not attempt to add additional causes of action or defendants in their amended complaint and the amended complaint is similar in nature and fact to the original complaint. (Doc. 1; Doc. 20-1, at 3-4, 6, 13-17, 18, 21, 24). These factors demand a conclusion that Plaintiffs be permitted to expand the scope of the claims asserted in the original complaint against Defendants.

Finally, the Court does not find that amendment would be futile in this case. Defendants state that the applicable statute of limitations has passed for all of Plaintiffs' claims and that any amendment would be futile as all of Plaintiffs' claims are time-barred. (Doc. 26, at 7-11). At this stage of litigation, to avoid a finding of futility a plaintiff need only state a claim upon which relief may be granted. *See Burlington,* 114 F.3d at 1434 ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). In general, the Federal Rules of Civil Procedure require an affirmative defense, such as a statute of limitations defense, to be pleaded in an answer and not upon a Rule 12(b)(6) motion to dismiss.[1] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Robinson*

---

[1] "While 'a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the

- 5 -

*v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). "Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint." *Beckett v. D.O.C.,* No. 1:CV-10-00050, 2010 WL 5092973, at *2 (M.D. Pa. Dec. 8, 2010) (citing Fed. R. Civ. P. 8(c)). The Court declines to rule on the statute of limitations issue at this time, however, Defendants are not precluded from asserting the affirmative defense in their answer or later during the course of the proceedings. *See Nin v. Luzerne Cty. Children and Youth Serv.,* No. 3:17-CV-802, 2017 WL 4782650, at *2 (M.D. Pa. Oct. 23, 2017) (declining to rule upon a statute of limitations argument when granting a motion to amend as it "would require the Court to evaluate factual and legal assertions better left for" later in the course of litigation). However, the Court will address whether the amendment relates back to the date of the original complaint to defeat a statute of limitations claim regarding the proposed amendment. *See Nin*, 2017 WL 4782650, at *2.

Rule 15(c) provides that an amendment "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c). If the amendment meets the requirements of Rule 15(c), "the amended

---

face of the pleading.'" *Chickilly v. Panther Valley Sch. Dist.*, No. 3:14-CV-02173, 2015 WL 7069335, at *2 (M.D. Pa. Nov. 12, 2015). Here, Plaintiffs' claims are not "facially time-barred" because there is a question surrounding when the Plaintiffs cause of action began based on their discovery of the injury and fraudulent nature of the claims. *See Schmidt*, 770 F.3d at 251-53 (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011) ("[W]hen 'the pleading does not reveal when the limitations period began to run . . . the statute of limitations cannot justify Rule 12 dismissal.'"); *C.F. Chickilly*, 2015 WL 7069335, at *3 ("[T]he Court is unable to apply the equitable tolling doctrine to Plaintiff['s claims] 'because nowhere in the complaint does [Plaintiff] allege that the [Defendant] misled her, actively or otherwise, with respect to the claim.'"). Thus, such a determination is not proper at this time.

complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint." Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001); *see also* Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (a court "surely [does] not abuse its discretion" in denying a motion to amend if the amendment "would not relate back"). In the case at bar, Plaintiffs seek to amend their original pleading to add facts and allegations to their already asserted causes of action. (Doc. 20-1, at 3-4, 6, 13-17, 18, 21, 24). As Plaintiffs wish to further develop their claims, for the Plaintiffs to benefit from the "relation back" provision they must establish that the proposed amended complaint relates to the same conduct, transaction, or occurrence outlined in the original complaint. See Fed. R. Civ. P. 15(c).

The allegations stated in Plaintiffs' desired amendment arose out of conduct that was alleged in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs seek to "[m]ore fully describe[e] the Eagle Rock Resort and . . . [m]ore fully describe[e] the scope and method of the scheme [Plaintiffs] alleg[e] was used to fraudulently induce them to purchase a building lot [at] the Eagle Rock Resort on May 29, 2011." (Doc. 20, at 2; Doc. 20-1, at 3-4, 6, 13-17, 18, 21, 24). Additionally, Plaintiffs amend Count I – Violation of the Interstate Land Sales Act, Count II – Fraud, and Count III – Violation of the Unfair Trade Practices and Consumer Protection Law to include the further developed scheme allegations. (Doc. 20-1, at 18, 21, 24). This same conduct forms the basis of Plaintiffs' claims that are stated in the original complaint. (Doc. 1, at 15-21). Additionally, Plaintiffs do not state any new causes of action but attempt to further expand on the claims alleged in the original complaint. (Doc. 20-1, at 18, 21, 24). Because Plaintiffs' desired additions arise out of the same conduct as was asserted in the initial complaint, their amended allegations relate back to the date of their original complaint.

In the interest of justice, the Court will grant Plaintiffs leave to amend their complaint to expand the scope of their claims against Defendants. (Doc. 20).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is **GRANTED**. (Doc. 20). Plaintiffs are directed to re-file the proposed amended complaint as the "Amended Complaint." (Doc. 20-1, at 2-26). Defendants shall file a response to the amended complaint within 21 days of the corresponding Order.

An appropriate Order will follow.

BY THE COURT:

Dated: May 20, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**