UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENILDA REMIGIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAGLE ROCK RESORT CO., et al., <br><br> Defendants. | CIVIL ACTION NO. 3:21-CV-01756 <br><br> (MEHALCHICK, M.J.) |

## MEMORANDUM

Plaintiffs Benilda Remigio and Salvador Inigo Remigio (collectively, "Plaintiffs") filed the original complaint on October 15, 2021, against Defendants Eagle Rock Resort Co. ("Eagle Rock") and Double Diamond-Delaware, Inc. (collectively, "Defendants"). (Doc. 1). On August 25, 2022, Defendants filed a letter with the Court requesting a telephonic discovery conference to discuss Plaintiffs' deposition request for Mike Ward and Plaintiffs' Request for Production of Documents -- Set VI. (Doc. 40). On August 30, 2022, the parties participated in a telephonic discovery conference before the Court. (Doc. 43).

I. **STANDARD OF REVIEW**

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this

district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations, and specifically provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Under Rule 37, a court may issue an order compelling discovery where "a deponent fails to answer a question asked under Rule 30 or 31 [governing depositions on oral examination or written questions]." Fed. R. Civ. P. 37(a)(3)(B)(i).

## II. DISCUSSION

On August 25, 2022, Defendants filed a letter seeking the Court's intervention regarding two discovery disputes. (Doc. 40). Specifically, Defendants request "an Order reflecting that Attorney Dessen has reached his maximum allowable Interrogatories and Requests for Production of Documents and that he is unable to send additional requests without a Court Order." (Doc. 40, at 1). In response, Plaintiffs submit that Defendants' objections have no merit and should be overruled. (Doc. 42).

### A. DEPOSITION OF MIKE WARD

First, Defendants an order prohibiting the deposition of Mike Ward, the President of Defendant Double Diamond, on the grounds that Ward possesses no knowledge of the facts and circumstances of the nature of this action. (Doc. 40, at 1). Previously, Defendants explained that Ward "has no involvement with sale of lots in Eagle Rock Resort," because Ward resides and works in Texas, Ward only visits Eagle Rock sever times a year, mostly for business, and Ward never met Plaintiffs. (Doc. 40, at 3). In response, Plaintiffs assert that they "wish to question Mr. Ward about his knowledge of the provisions of [the Interstate Land Sales Act ("ILSA")] as well as his understanding of why Double Diamond/Eagle Rock created this unusual and confusing procedure to sell building lots at the Eagle Rock Resort." (Doc. 42, at 2). Further, Plaintiffs contend "[t]his information is clearly relevant and discoverable in relation to the allegations set forth in paragraphs 74 through 84 of the Amended Complaint." (Doc. 42, a 2). In addition, Plaintiffs state they "also wish to question

Mr. Ward about the wealth of Double Diamond/Eagle Rock in regard to their claim for punitive damages." (Doc. 42, at 2). In support of its request to depose Ward, Plaintiffs claim "[f]rom the testimony of [Charles Palermo and Wallace Layton], Plaintiffs learned that because the demand for building lots at Eagle Rock exceeded the available inventory in approved subdivisions, Double Diamond and Eagle Rock developed a scheme to sell lots in unapproved subdivisions." (Doc. 42, at 1).

In this case, the Court is called upon to examine a motion to compel brought in the context of a deposition of a corporate designee. Such depositions are governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure, which provides as follows:

> (6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

By its terms, Rule 30(b)(6) requires the party issuing a corporate designee subpoena to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). However, this aspect of Rule 30(b)(6) requiring the party noticing deposition of a corporate designee to "describe with reasonable particularity the matters on which the examination is requested" does not limit the scope of the deposition to the contents of the notice. Instead, Rule 26's definition of relevance is what defines the proper scope of such a deposition. *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499 (M.D. Pa. 2000). Thus, "[t]he scope of topics

a 30(b)(6) witness can be expected to testify to is defined by Rule 26(b)(1), which allows a party to obtain information concerning 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.'" *New Jersey Dep't of Envtl. Prot. v. Am. Thermoplastics Corp.*, No. 98-CV-4781, 2017 WL 498710, at *3 (D.N.J. Feb. 7, 2017).

Case law construing Rule 30(b)(6) also prescribes certain substantive standards of knowledge and responsiveness that a corporate deposition designee must satisfy. On this score, it is important to note that:

> A Rule 30(b)(6) designee "is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." *Linerboard*, 237 F.R.D. at 382 (quotation omitted). Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must "prepare its designee to be able to give binding answers on its behalf . . . [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it. *Id.* (quotation omitted).

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D. Pa. 2008).

Judged against these legal guideposts and upon review of the parties' letters, the Court finds that Plaintiffs are not permitted to take the Rule 30(b)(6) deposition of Ward. Plaintiffs have already taken the Rule 30(b)(6) depositions of Wallace Layton, the Sales Manager at Eagle Rock Resort at the time of the events described in the amended complaint, and Charles Palermo, the Assistant Sales Manager at Eagle Rock Resort at the time of the events described in the amended complaint. (Doc. 42, at 1). Defendants admit, and Plaintiffs agreed, that Ward does not possess personal knowledge of the events described in the amended complaint. (Doc. 40, at 1, 4). Notably, Ward's Rule 30(b)(6) notice of deposition was not accompanied by a list of specific subject matter areas into which Plaintiffs wish to inquire. (Doc. 40, at 2). Plaintiffs have now provided a brief synopsis of the basis on which they believe Ward's testimony will

be relevant, including Ward's knowledge of the provisions of the ILSA, the procedure employed by Double Diamond/Eagle Rock to sell building lots at the Eagle Rock Resort, and the wealth of Double Diamond/Eagle Rock. (Doc. 42, at 1-2). Although a Rule 30(b)(6) deponent is not required to have personal knowledge about the underlying events in a lawsuit, the Court declines to compel Ward to appear for the requested deposition. Instead, the Court will grant Plaintiffs the opportunity to serve written interrogatories upon Ward on the narrow issues raised in Plaintiffs' letter to the Court. *See* (Doc. 42, at 2). The Court notes that Ward has "an affirmative obligation to educate himself as to the matters regarding the corporation." *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004).

Accordingly, Defendants' objection to Plaintiffs' Rule 30(b)(6) deposition of Ward is sustained.

### B. Plaintiffs' Request for Production of Documents – Set IV

Second, Defendants object to document request 4 of Plaintiffs' Request for Production of Documents - Set IV. (Doc. 40, at 1). The scope of discovery set forth in Fed. R. Civ. P. 26(b)(1) is "to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "For purposes of discovery, relevancy is broadly construed." *Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 380 (D. Del. 2009). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Although the scope of discovery is broad, it is not unlimited." *Inventio AG,* 662 F. Supp. 2d at 381. The court must limit the frequency or extent of discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Fed. R. Civ. P. 37(a), a party who has received an evasive or incomplete response to a discovery request may move for an order compelling discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought." *Paluch v. Dawson*, Civil No. 1:CV-06-01751, 2008 WL 2785638 at *2 (M.D. Pa. July 17, 2008). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Paluch*, 2008 WL 2785638 at *2.

Document number 4 of Plaintiffs' Request for Production of Documents - Set IV, requests: "All documents that refer or relate to the status between January 1, 2010 and December 31, 2016 of the Pennsylvania Real Estate Sales Person License of each sales person listed on the attached chart of Eagle Rock Sales Agents." (Doc. 40, at 10). In response, Defendants stated:

> Objection. Defendants object to this document request on the grounds that it is compound, unduly burdensome, and overly broad in temporal scope and subject matter. Defendants further object to this request on the basis that it is confusing, vague, and ambiguous in its request for "all documents that refer or relate to the status between January 1, 2010 and December 31, 2016 of the Pennsylvania Real Estate Sales Person License of each sales person listed on the attached chart . . .".
>
> Defendants further object to this request on the basis that it is a fishing expedition that fails to apprise Defendants of the matters on which discovery is

- 7 -

being sought with "reasonable particularity" as required by Federal Rule of Civil Procedure 34(b)(1)(a), and the documents which are responsive to this request are voluminous and will create an unnecessary burden and expense for Defendants to produce.

By way of further answer, the list identifies twenty (2) salespersons, a majority of whom have not been identified to date in this action, and are not identified in the thousands of pages of discovery that have been exchanged thus far. Additionally, Plaintiffs are requesting documents from as far back as January 1, 2010, when Plaintiffs did not first visit the property May of 2011. Moreover, Plaintiffs are requesting documents through December 31, 2016, which is almost two (2) years after the Remigios' conversion to Lot 327 HF Phase III.

(Doc. 40, at 40).

Now, Defendants argue that Plaintiffs' request is "a broad and overly burdensome request, as [Defendants] have attempted to locate such information and have found no responsive documents," and "the only other means to obtain this information (if it exists) would be to request (from Human Resources) the employee files of the 22 names salespersons, review the same, and pick out portions that may be relevant/responsive." (Doc. 40, at 1). In response, Plaintiffs offer the convincing explanation that "[i]t is not unduly burdensome for the Defendants to review 19 personnel files and produce any documents showing that the individual had a real estate sales license." (Doc. 42, at 3). Further, Plaintiffs note "[t]here are 20 names on the list of sales agents and Defendants have already provided the information with regard to Glenn Walkley, leaving only 19 files to review." (Doc. 42, at 3 n.2). In particular, Plaintiffs contend that, according to the testimony of Mr. Layton, Defendants hired sales agents that were not licensed at the time they were hired, suggesting that Defendants' sales practices were created solely for the purpose of avoiding the ILSA's limitation on the sale of lots. (Doc. 42, at 2). In light of such facts, the Court deems document request number 4 relevant and tending to lead to the discovery of admissible evidence. Moreover, the Court cannot discern any temporal limitation on document request number 4

that would still result in their intended result. Finally, Defendants have failed to show that the amount of documents responsive to such requests is so substantial as to be unduly burdensome.

Accordingly, Defendants' objection to document request number 4 of Plaintiffs' Request for Production of Documents – Set IV is overruled.

### III. CONCLUSION

For the foregoing reasons, Defendants' objection to Plaintiffs' Rule 30(b)(6) deposition of Ward is sustained. (Doc. 40). In addition, Defendants' objection to document request number 4 of Plaintiffs' Request for Production of Documents – Set IV is overruled. (Doc. 40).

An appropriate Order follows.

**BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**